Law Office of Patrick Flanigan                    Attorney for Plaintiff
By: Patrick Flanigan
PA Attorney No.: 92794
P.O. Box 42, Swarthmore, PA  19081-0042
Tel: (484) 904-7795  Email: info@lawofficepf.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAKEETA WATTERS | § | |
| 211 Maple Avenue | § | |
| Coatesville, PA 19320 | § | CIVIL ACTION |
|     Plaintiff, | § | |
| | § | |
|   v. | § | NO.:_____ |
| | § | |
| LINCOLN UNIVERSITY | § | |
| 1570 Baltimore Pike | § | |
| Lincoln University, PA 19352 | § | |
|   and | § | |
| DANIELLE JONES | § | JURY TRIAL DEMANDED |
| c/o Lincoln University | § | |
|   and | § | |
| ROCHELLE GRAY | § | |
| c/o Lincoln University | § | |
|     Defendants. | § | |

## COMPLAINT - CIVIL ACTION

### I.   INTRODUCTION

Lakeeta Watters, Plaintiff, is an adult individual who alleges and, through Patrick

Flanigan, Esquire from the Law Office of Patrick Flanigan, seeks redress of all rights and

privileges pursuant to the Americans with Disabilities Act, as Amended 2008 (ADAAA), 42

U.S.C. § 12111 *et seq.*, the Family and Medical Leave Act, as amended 2008 (FMLA), 29 U.S.C.

§ 2601 *et seq.*, and the Pennsylvania Human Relations Act  (PHRA), 43 P.S. § 951 *et seq.*

Plaintiff avers as follows:

### II.   PARTIES

1.    Lakeeta Watters (Plaintiff) is an adult individual who currently resides at 211 Maple

Avenue, Coatesville, PA 19320.  At all times material hereto, Plaintiff was a citizen of the United States, resided in the Commonwealth of Pennsylvania and an employee of Defendant Lincoln University.  The Charge of Discrimination, signed under penalty of perjury, is attached as an affidavit.  (Plaintiff's Exhibit, "P-1").

2.      Defendant Lincoln University (Defendant Lincoln) is a fictitious name for an entity maintaining an office and conducting business at 1570 Baltimore Pike, Lincoln University, PA 19352 and, at all times material hereto, also transacted business in Delaware County, Pennsylvania and employed Plaintiff.

3.      Defendant Danielle Jones (Defendant Jones) is an adult individual, who maintained an office and conducted business at 1570 Baltimore Pike, Lincoln University, PA 19352 and, at all times material hereto, transacted business in Delaware County, Pennsylvania and was in a supervisory position over the Plaintiff on behalf of Defendant Lincoln. Plaintiff further believes that Defendant Jones is a citizen and domiciled in the Commonwealth of Pennsylvania.

4.      Defendant Rochelle Gray (Defendant Gray) is an adult individual, who maintained an office and conducted business at 1570 Baltimore Pike, Lincoln University, PA 19352 and, at all times material hereto, transacted business in Delaware County, Pennsylvania and was in a supervisory position over the Plaintiff on behalf of Defendant Lincoln. Plaintiff further believes that Defendant Gray is a citizen and domiciled in the Commonwealth of Pennsylvania.

III.    **JURISDICTION AND VENUE**

5.      The above mentioned paragraphs are incorporated as if set forth more fully herein.

6.      Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any

civil action or proceeding arising out of any act of Congress regulating commerce," 28

U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action is authorized and instituted pursuant

to the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq*. and the Family Medical

Leave Act, 29 U.S.C.2601 *et* seq. Plaintiff further invokes the supplemental jurisdiction

of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under the

laws of the Commonwealth of Pennsylvania, and under the Pennsylvania Human

Relations Act (PHRA), 43 P.S. § 951 *et seq*. Plaintiff demands judgment in excess of

One Hundred Fifty Thousand Dollars ($150,000.00).

7.    On May 12, 2008, the Plaintiff exhausted the administrative remedies by submitting a

verified complaint to the Pennsylvania Human Relations Commission (PHRC). This

verified complaint was dual filed with the Equal Employment Opportunity Commission

(EEOC).

8.    On or about May 13, 2009, it had been one (1) year since the filing of the PHRC

complaint, thus Plaintiff is entitled to bring the claims pursuant to the PHRA against

Defendants.

9.    On December 14, 2009, Plaintiff was issued a <u>Notice of Suit Rights</u> by the EEOC.

(Attached as Plaintiff's Exhibit, "P-2").

10.   Venue is appropriately laid in the United States District Court for the Eastern District of

Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because all parties regularly conduct

business within this district and the acts complained of by Plaintiff arose therein.

## IV.   FACTS

11.   During June 2007, Plaintiff was hired by Defendant Lincoln, as a payroll representative,

and at all times material hereto Plaintiff had a better than average attendance and

performance record.

12.     During December 2007, Plaintiff began receiving medical treatment for a disability that had been in remission.

13.     On or about December 3, 2007, Plaintiff notified Defendant Jones of the disability and requested leave for two days for a related medical procedure.

14.     On December 11, 2007, Plaintiff was issued a written warning by Defendants Jones and Gray alleging absenteeism.

15.     On December 11, 2007, Plaintiff re-notified Defendants Jones and Gray of the disability and Plaintiff was instructed to request a leave of absence under the FMLA.

16.     On December 12-13, 2007, Plaintiff was absence related to the disability and notified the Defendants per the call-out procedures.

17.     On December 14, 2007, Plaintiff returned to work and provided Defendants a medical note.

18.     On December 14, 2007, Plaintiff was terminated for the absence on December 13, 2007.

## COUNTS I & II

**FAMILY AND MEDICAL LEAVE ACT, AS AMENDED 2008, 29 U.S.C. §2601 *et seq.***

**INTERFERENCE (Count I) and RETALIATION (Count II)**

**LAKEETA WATTERS V. DEFENDANTS LINCOLN, JONES AND GRAY**

19.     The above-mentioned paragraphs are incorporated as if set forth more fully herein.

20.     Pursuant to 29 U.S.C. §2611(2)(A) and 29 U.S.C. §2612(a)(1)(D), Plaintiff was eligible for Family and Medical Leave.

21.     At all times material hereto, Plaintiff believes that Defendant Lincoln had at least 50 employees including volunteers for 20 or more calendar work weeks during the pertinent

year or the preceding year within 75 mile radius.

22. Plaintiff was qualified under the employer's policies for FMLA.

23. Plaintiff has statutory rights to be free from interference and retaliation under the Family and Medical Leave Act, 29 U.S.C.A. §2601 et seq., which Defendants violated.

24. As a direct and proximate result of Defendants unlawful interference and retaliation, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

25. Defendants' acts were willful, wanton, malicious, and oppressive and with reckless disregard for Plaintiff's federally protected rights; therefore, justifying the imposition of punitive damages.

26. Plaintiff demands favorable judgment against Defendants for all equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits and any additional unpaid leave up to the maximum permitted by the FMLA including, but not limited to, doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

27. Plaintiff further demands favorable judgment for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under 29 U.S.C.A. §2617(a)(3), fees and costs including the allowance of reasonable attorney fees, expert witness fees and other costs of the action and such other orders and further relief as may be necessary and appropriate.

28. In addition, Defendant Lincoln has an employee handbook and failed to provide Plaintiff

the benefits provided therein.

**WHEREFORE**, Plaintiff demands favorable judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violations.  Further, Plaintiff seeks punitive damages plus counsel fees, costs and other relief as deemed appropriate by the Court.

**COUNTS III & IV**

**AMERICAN WITH DISABILITIES ACT, AS AMENDED 2008 (ADAAA),
42 U.S.C. § 12111 *et seq*.**

**DISABILITY DISCRIMINATION (Count III) AND RETALIATION (Count IV)**

**<u>LAKEETA WATTERS V. DEFENDANTS LINCOLN</u>**

29.    The above mentioned paragraphs are incorporated as if set forth more fully herein.

30.    Pursuant to 42 U.S.C. § 12102(2)(A), (B) and (C), Plaintiff is a qualified disabled

individual within the meaning of the ADA because:

    a.    of physical and/or mental impairment(s) that substantially limit one or more major life activities;

    b.    Plaintiff has a record of such impairment(s); or

    c.    Plaintiff was regarded as having such impairment(s).

31.    At all times material hereto, Plaintiff was a qualified individual with a disability, which

did not prevent performance of the essential functions of the job.

32.    At all times material hereto, Defendant Lincoln knew, or should have known, of

Plaintiff's need for reasonable accommodation.

33.    Defendant Lincoln failed to accommodate Plaintiff including, but not limited to, refusing

to consider alternative measures of reasonable accommodation or engaging in an

interactive process with Plaintiff.

34.    Pursuant to Section 503, it is unlawful to retaliate or interfere with the exercising any

rights protected under the ADA. Defendant Lincoln's retaliation and interference include, but are not limited to the following:

a.    Repeated refusal to engage in an "interactive process;"

b.    Unilateral determination, or alternatively the failure to make a determination, whether Plaintiff was being reasonably accommodated; and

c.    Failure to maintain an ADA policy, and/or failure to implement a company policy.

35.    Defendant Lincoln's failure to engage in an interactive process with Plaintiff violated 29 C.F.R. § 1630.2(o)(3), and deprived Plaintiff reasonable accommodation.

36.    Pursuant to 42 U.S.C. § 12112(b)(5)(A), Defendant Lincoln's refusal to reasonably accommodate Plaintiff in the performance of work-related duties is a deprivation of Plaintiff's protected rights under the ADA.

37.    As a direct and proximate result of Defendant Lincoln's unlawful discrimination and retaliation, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

38.    Defendant Lincoln's acts were willful, wanton, malicious, retaliatory and oppressive and with reckless disregard for Plaintiff's federally protected rights; therefore, justifying the imposition of punitive damages.

39.    Plaintiff demands favorable judgment against Defendant Lincoln for all available equitable relief, all past and present wages, salary, employment benefits, counsel fees and costs or other compensation denied or lost by reason of the aforesaid violations.

**WHEREFORE,** Plaintiff demands favorable judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violations. Further, Plaintiff seeks punitive damages plus counsel fees, costs and other relief as deemed appropriate by the Court.

### COUNTS V, VI AND VII

### PENNSYLVANIA HUMAN RELATIONS ACT,   43 Pa. C.S.A. § 951 *et seq.*

### DISABILITY DISCRIMINATION (V), RETALIATION (VI) AND INTERFERENCE (VII)

### LAKEETA WATTERS V. DEFENDANTS LINCOLN

40.   The above-mentioned paragraphs are incorporated as if set forth more fully herein.

41.   Plaintiff is an individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, with a physical impairment, which substantially limits one or more major life activities.

42.   Plaintiff is also a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, having a record of impairment and/or perceived disability.

43.   Plaintiff's disability did not substantially interfere with Plaintiff's ability to perform the essential functions of the job.

44.   Defendants knew, or should have known, of Plaintiff's need for reasonable accommodation.

45.   Plaintiff requested meetings with Defendants to discuss reasonable accommodation.

46.   Defendants failed to implement any accommodation, including the aforementioned request for accommodation, and as a threshold matter failed to engage in the "interactive process" to determine whether permitting an accommodation would impose an undue hardship on Defendants.

47.  Defendants' refusal to accommodate Plaintiff in the performance of the job duties is a violation of the Pennsylvania Human Relations Act and deprived Plaintiff the right to reasonable accommodation; and such refusal constitutes a violation of 43 Pa. Cons. Stat. Ann.§§ 954(b), (p) and (p.1) & 955 & 16 Pa. Admin. Code § 44.14(a).

48.  Despite Plaintiff's requests for reasonable accommodation and the availability of reasonable accommodation, Defendants failed to engage in an "interactive process" and denied Plaintiff reasonable accommodation in violation of 43 P.S. § 951 *et seq.*

49.  Defendants together with Defendants Jones and Gray violated 43 Pa. Cons. State. Ann. § 955(e) by aiding, abetting, inciting, obstructing, collaborating, participating, and conspiring in the discrimination that forms the basis of this Complaint and intended to aid Defendants' discriminatory behavior or shared some common purpose with Defendants.

50.  Defendants' acts were willful, wanton, malicious, retaliatory and oppressive and with reckless disregard for Plaintiff's protected rights; therefore, justifying the imposition of punitive damages.

51.  As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

52.  Plaintiff demands favorable judgment against all Defendants for all available equitable relief, all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violation aforesaid.

**WHEREFORE**, Plaintiff demands favorable judgment against Defendants for all available equitable relief, plus all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violations. Further, Plaintiff seeks punitive damages plus counsel fees, costs and other relief as deemed appropriate by the Court.

Respectfully submitted,

*Lakeeta Watters*
Lakeeta Watters

*Patrick Flanigan, Esquire*

## VERIFICATION

I, Lakeeta Watters, am the Plaintiff in the above captioned matter and affirm that the information contained in the foregoing *Complaint* is true and correct to the best of my knowledge, information and belief after reasonable inquiry. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands the verifications herein are made subject to 28 U.S.C. § 1746.

Date: January 6, 2010.                    By: *Lakeeta Watters*
                                               Lakeeta Watters


## VERIFICATION

I, Patrick Flanigan, verify that I am the attorney for the Plaintiff in the above captioned matter and that the information contained in the foregoing *Complaint* is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands the verifications herein are made subject to 28 U.S.C. § 1746.

Date: January 8, 2010.

                                          For ECF:

                                          By: *Patrick Flanigan*
                                              Patrick Flanigan
                                              Attorney for Plaintiff